IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HERMAN GOLDNER COMPANY INC.**, <br><br> *Plaintiff,* <br><br> v. <br><br> **NORESCO, LLC,** *et al.*, <br><br> *Defendants.* | **Case No. 2:22-cv-05047-JDW** |

### MEMORANDUM

Broad language in an arbitration provision indicates an intent to channel a broad range of disputes to arbitration. This case exemplifies that principle. Plaintiff Herman Goldner Company Inc., a subcontractor, agreed to arbitrate "[a]ny controversy or claim arising out of or relating to" its agreement to provide labor and materials to general contractor NORESCO. When Goldner brought this suit against two sureties to collect on a payment bond, the Sureties invoked the arbitration provision to which Goldner agreed. Federal and Pennsylvania law mandate that I give the arbitration agreement its broad sweep. I will therefore compel the parties to arbitrate this case.

I.   **BACKGROUND**

   A.   **Factual History**

This case relates to a dispute over a construction contract. In May 2016, the Southeastern Pennsylvania Transportation Authority ("SEPTA") hired NORESCO as the

general contractor for a public construction project in Philadelphia. NORESCO had to furnish a payment bond guaranteeing payment to NORESCO's subcontractors under the Pennsylvania Public Works Contractors' Bond Law of 1967, 8 P.S. § 191, *et seq.*. NORESCO obtained a Labor and Material Payment Bond ("the Bond") from Zurich American Ins. Co. ("Zurich") and Fidelity And Deposit Company ("Fidelity"). The Bond contains a forum selection clause that states:

> No suit or action shall be commenced hereunder by any claimant: . . . [o]ther than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

(ECF No. 1-3 at 15.)

Nearly a year later, NORESCO subcontracted a portion of the construction project to Goldner. NORESCO entered into a written Subcontract Agreement with Goldner that includes an arbitration provision that states, "[a]ny controversy or claim arising out of or relating to this Agreement, or breach thereof, shall be settled by mediation under the Construction Industry Mediation Procedures of the American Arbitration Association." (*Id.* at 24.) The Subcontract Agreement also references the existence of the Bond and provided Goldner the opportunity to review all of the Bond's terms.

Goldner alleges that it completed all contracted work in June 2021 and that the NORESCO and SEPTA accepted the work. Goldner also claims that NORESCO has not fully compensated it for the completed work. Goldner claims that the balance due is $214,177.

B. **Procedural History**

Goldner sued in the Philadelphia Court of Common Pleas to recover the balance due. Goldner claimed breach of contract, unjust enrichment, *quantum meruit*, and violation of Pennsylvania's procurement code against NORESCO and made a payment bond claim against Colonial American Casualty and Surety Company ("Colonial"), Zurich, and Fidelity. While still in state court, the parties agreed to dismiss the claims against NORESCO and Colonial. Therefore, the only remaining claim is against Zurich and Fidelity on the payment bond. Zurich and Fidelity removed the case to this Court on December 19, 2022, invoking the Court's diversity jurisdiction. They then moved to compel arbitration of the claim pursuant to the arbitration clause in the Subcontract Agreement. Goldner opposed. The Motion is ripe for disposition.

**II.    LEGAL STANDARD**

The summary judgment standard applies to a motion to compel arbitration where "the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.,* 716 F.3d 764, 774 (3d Cir. 2013). A court will compel arbitration when there is "no genuine issue of fact concerning the formation of the agreement" to arbitrate. *Kirleis v. Dickie, McCamey & Chilcote, P. C.*, 560 F.3d 156, 159 (3d Cir. 2009).

The FAA "presumptively favors the enforcement of arbitration agreements." *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 178 (3d Cir. 1999). The presumption is particularly strong where the arbitration clause is broad. *See Brayman Const. Corp. v. Home Ins. Co.*, 319 F.3d 622, 625 (3d Cir. 2006) (quoting *AT&T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986)). "A motion to compel arbitration calls for a two-step inquiry into (1) whether a valid agreement to arbitrate exits and (2) whether the particular dispute falls within the scope of that agreement." *Trippe Mfg. Co. v. Niles Audio Corp.,* 401 F.3d 529, 532 (3d Cir. 2005). The presumption in favor of arbitration means district courts should refrain from denying a motion to compel arbitration absent certainty that the claims do not fall within the scope of an arbitration clause. *See Medtronic Ave, Inc. v. Advanced Cardiovascular Sys., Inc.*, 247 F.3d 44, 55 (3d Cir. 2001).

### III.    DISCUSSION

The Agreement between NORESCO and Goldner contains a written provision calling for mandatory arbitration of "[a]ny controversy or claim arising out of or relating to th[e] Agreement, or breach thereof." (ECF No. 1-3 at 24.) Goldner does not argue that any aspect of the arbitration provision is invalid. Instead, it argues that the Bond on which it bases its claim requires litigation and that Defendants cannot invoke the arbitration clause of the Agreement because Defendants were not parties to it. I disagree.

4

### A.     Payment Bond

The Payment Bond does not require litigation. It has a provision that requires litigation "in a state court of competent jurisdiction … or in the United States District Court" whose territory covers the location of the Project (in this case, Philadelphia). (ECF No. 1-3 at 15.) That language does not mandate litigation, as Goldner claims. It just specifies the place where any litigation is to take place. As the Fifth Circuit has noted, "[r]equiring that any lawsuit be filed in [a specific location] is not incompatible with [a] later-added arbitration requirement because lawsuits often precede arbitration (when a court may be asked to decide the validity, scope, and enforceability of an arbitration clause) or follow arbitration (when a court may be asked to enforce or set aside an arbitration award)." *Sharpe v. AmeriPlan Corp.*, 769 F.3d 909, 916 (5th Cir. 2014). Although not binding on me, I find that logic persuasive. Parties do not use forum selection clauses to rule out arbitration; they just specify where the related litigation must occur. While it is true that "when interpreting a bond, the language of the bond is determinative," *Berks Products Corp. v. Arch Ins. Co.*, 72 A.3d 315, 319 (Pa. Cmwlth. Ct. 2013), the language of the Bond at issue here does not require litigation, so it is not determinative of the question at hand.

Goldner points to *In re Rotondo Weirich Enterprises, Inc.*, 583 B.R. 860 (E.D. Pa. 2018), in support its argument that the Bond's forum selection clause precludes arbitration. But I do not find *Rotondo* persuasive. First, the bond provision on which Judge

5

Frank relied upon appears also to have been a forum selection clause. *See id.* at 872. To the extent he believed a forum selection clause mandates litigation, I disagree. Second, the arbitration provision in *Rotondo* was limited to "subcontractors, suppliers and materialmen." *Id.* Judge Frank relied on this limitation in holding "[n]or can the [s]ureties be pulled into [the] arbitration provision of the [s]ubcontract via the 'common question' clause." *Id.* The arbitration provision at issue here is not so limited.

### B.     Non-Signatory

The Supreme Court has held that "[b]ecause 'traditional principles' of state law allow a contract to be enforced by or against nonparties to the contract," nonparties to a contract may invoke an arbitration provision. *Arthur Anderson LLP v. Carlisle*, 556 US 624, 631 (2009). Pennsylvania law governs interpretation of this contract per the Amendment to Article 8.2 of the Agreement dated March 15, 2017. (ECF No. 1-3 at 20.) Under Pennsylvania law, non-signatories to an arbitration agreement can enforce it when there is "an obvious and close nexus" between the non-signatories and the contract or the contracting parties. *Saltzman v. Thomas Jefferson Univ. Hosps., Inc.*, 166 A.3d 465, 469 n.2 (Pa. Super. Ct. 2017) (cite omitted).

There is an obvious and close nexus between the Zurich and Fidelity and the Subcontract Agreement. Goldner may invoke its claim against the Sureties under the Bond

Law[1] only because it was a subcontractor of the Bond principal, NORESCO. The claim is for an alleged balance due on the work performed as a subcontractor. And this claim falls within the broad scope of the arbitration provision because it is a "controversy … relating to this Agreement, or breach thereof." (ECF No. 1-3 at 24.) Goldner, "as signator[y] to the arbitration agreement, should not be able to avoid the requirement to arbitrate by a non-signatory when the non-signatory wants to arbitrate." *Dodds*, 909 A.2d at 352.

Goldner relies on unpersuasive cases to try to avoid its obligation to arbitrate. First, Goldner cites nearly 40-year-old dicta in *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). I am not bound by this dictum, and subsequent case law has superseded it. *See Arthur Anderson LLP*, 556 US at 631 (2009). Next, Goldner cites *U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.*, 239 F.R.D. 404 (W.D. Pa. 2006). But, like *Rotondo*, the arbitration provision there was limited to specific parties. *See id.* at 407. The arbitration provision here is not so limited. Finally, Goldner cites two unpublished opinions, *Progressive Pipeline Mgmt., LLC v. N. Abbonizio Contrs.*, No. 10-4551, 2011 WL 1343031 (E.D. Pa. 2011) and *Faith Techs., Inc. v. Horizon Constr. Grp., Inc.*, No. 777 EDA 2017, 2017 WL 4711966 (Pa Super. Ct. 2017), that appear not to have considered *Dodds*

---

[1] That Goldner's claim invokes statutory rights created under the Pennsylvania Bond Law, 8 P.S. § 194, does not remove the claim from the scope of the arbitration agreement. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985).

and its progeny in reaching conclusions contrary to mine. None of these cases binds or persuades me.

## IV. CONCLUSION

If Goldner wanted to avoid arbitration on its bond claims, it could have limited the arbitration provision to which it agreed. It did not. Now Goldner must live with its bargain and arbitrate this claim. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

April 3, 2023